McBRIDE v. NEW YORK TUNNEL CO. (Supreme Court, Appellate Division, First Department. March 17, 1905.) Action by Mary McBride, as administratrix, against the New York Tunnel Company. No opinion. Motion denied, with $10 costs.

McCANN, Respondent, v. NUTTING, Appellant. (Supreme Court, Appellate Division, Second Department. March 24, 1905.) Action by Ellen McCann against Andrew J. Nutting. No opinion. Judgment and order unanimously affirmed, with costs.

McCARRAHER, Respondent, v. PROSL, Appellant. (Supreme Court, Appellate Division, First Department. February 24, 1905.) Action by Charles McCarraher against Arthur B. Prosl. L. Salane, for appellant. J. K. Soley, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

McCAULEY, Appellant, v. INTERNATIONAL MERCANTILE AGENCY, Respondent. (Supreme Court, Appellate Division, First Department. February 24, 1905.) Action by Thomas McCauley against the International Mercantile Agency. D. M. Dean, for appellant. W. E. Holt, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

McCOY v. NEW YORK CENT. & H. R. R. CO. (Supreme Court, Appellate Division, Fourth Department. March 15, 1905.) Action by Ryerson McCoy against the New York Central & Hudson River Railroad Company. No opinion. Motion for leave to appeal to the Court of Appeals denied, with $10 costs.

McGONNELL, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. March 24, 1905.) Action by Ellen McGonnell against the Metropolitan Street Railway Company. B. H. Ames, for appellant. G. W. Smith, for respondent. No opinion. Judgment and order affirmed, with costs.

MACKENZIE, Respondent, v. CITY OF BUFFALO, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 1, 1905.) Action by John D. Mackenzie against the city of Buffalo. No opinion. Appeal dismissed, upon stipulation without costs to either party.

McNAIR, Appellant, v. TURNER, Respondent. (Supreme Court, Appellate Division, Third Department. January 4, 1905.) Action by Laura V. McNair against Henry L. Turner. No opinion. Judgment unanimously affirmed, with costs.

McNALLY v. ROWEN et al. (Supreme Court, Appellate Division, Third Department. March 8, 1905.) Action by Robert J. McNally against Edward Rowen and another.

PER CURIAM. Motion for leave to go to the Court of Appeals granted, and question certified as follows: "Is the plaintiff entitled to costs in this action accruing after the offer of judgment?"

McWILLIAMS, Respondent, v. YELLOW PINE CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 3, 1905.) Action by Frank McWilliams against the Yellow Pine Company.

PER CURIAM. Judgment and order affirmed, with costs.

HOOKER, J., not voting.

MADDEN, Respondent, v. GERMANIA SAV. BANK, Appellant. (Supreme Court, Appellate Division, Second Department. March 3, 1905.) Action by Michael J. Madden, guardian ad litem of Helen T. Madden, against the Germania Savings Bank.

PER CURIAM. Judgment of the Municipal Court affirmed, with costs.

HOOKER, J., not voting.

MAINWARING, Respondent, v. NEW YORK CENT, & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 15, 1905.) Action by Elizabeth Mainwaring, as, etc., against the New York Central & Hudson River Railroad Company. No opinion. Order affirmed, with costs.

MANISCALCO, Respondent, v. MARITIME SOC. OF SCIACCA, Appellant. (Supreme Court, Appellate Term. January 17, 1905.) Appeal from Municipal Court, Borough of Manhattan, Fourth District. Action by Antonio Maniscalco against the Maritime Society of Sciacca. From a judgment for plaintiff, defendant appeals. Affirmed. John J. Freschi, for appellant. Guiseppe L. Maggio, for respondent.

MacLEAN, J. Against the recovery of sick benefits by the plaintiff herein the defendant urges the law on the ground that the plaintiff has not brought himself within the provisions of the rules and regulations of the defendant corporation, of which he was admittedly a member in good standing and since its incorporation. When incorporation took place is not clear from the certificate set forth in the rules and regulations in evidence, because of inconsistency in the dates of acknowledgment and approval. Nevertheless sufficient appears in the plaintiff's society book, with admissions and other testimony, to justify the finding of the trial justice that the plaintiff was a member in good standing, and had been for more than nine months, and so entitled to sick benefits, pursuant to the provisions of articles 64, 65, and 69 of the rules and regulations of the defendant corporation. The contention that the judgment is against the weight of evidence is without merit. Judgment affirmed, with costs. All concur.